**Dissenting Opinion Filed August 5, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-01227-CV

### GREG GUTMAN, Appellant
### V.
### RICHARD WAYNE WELLS AND
### REAL ESTATE ARBITRAGE PARTNERS, LLC, Appellees

**On Appeal from the 95th District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-06158**

## DISSENTING OPINION
Before Justices Whitehill, Partida-Kipness, and Pedersen, III
Opinion by Justice Partida-Kipness

I respectfully dissent. The claims made by Greg Gutman do not fall within the parameters

of the Declaratory Judgments Act. *See* TEX. CIV. PRAC. & REM. CODE §§ 37.001–.011. First,

Gutman does not seek construction of a contract, nor does he argue that his rights have been

"affected by a statute, municipal ordinance, contract, or franchise . . . ." *Id*. § 37.004(a). There is

also no judgment or lien against Wells that the trial court could construe. Gutman admits as much:

"Appellant did not obtain or ever claimed [sic] to have obtained a judgment or Judgment lien

against Appellee Wells in the prior litigation. The Abstract of Judgment filed by Appellant made

reference only to the Judgment obtained against Appellee Arbitrage." As all parties concede, there

was nothing at issue about the lower court's decision in the previous case. Second, a fair reading

of Gutman's petition, and the majority's characterization of it, shows his claims for civil

harassment, to the extent such a cause of action exists, sound in tort. *See Tort,* BLACK'S LAW DICTIONARY (11th ed. 2019) (tort is "[a] civil wrong . . . for which a remedy may be obtained, usually in the form of damages."). Under no circumstances is this a proper declaratory judgment action, and I do not agree with the majority's expansion of the statute. The trial court properly dismissed Gutman's action pursuant to rule 91a. *See* TEX. R. CIV. P. 91a. Accordingly, I would affirm the trial court's dismissal.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

181227DF.P05